**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Tracy Bannen, f/k/a Wolf, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.   11 C 3832 |
| | ) | |
| Phillips & Cohen Associates, Ltd., a | ) | |
| New Jersey corporation, and Equable | ) | |
| Ascent Financial, LLC, a Delaware | ) | |
| limited liability company, | ) | |
| | ) | |
| Defendants. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Tracy Bannen, f/k/a Wolf, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendants' debt collection actions violated the FDCPA, and to recover damages for Defendants' violations of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1.   This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2.   Venue is proper in this District because: a) Plaintiff resides here; b) the acts and transactions occurred here; and, c) Defendants reside and transact business here.

**PARTIES**

3.   Plaintiff, Tracy Bannen, f/k/a Wolf ("Wolf"), is a citizen of the State of Illinois, residing in the Northern District of Illinois, from whom Defendants attempted to collect a delinquent consumer debt owed originally for a Washington Mutual ("WaMu")

credit card.

4.      Defendant, Phillips & Cohen Associates, Ltd. ("P&C"), is a New Jersey corporation, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. Defendant P&C operates a nationwide debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant P&C was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debts it attempted to collect from Plaintiff.

5.      Defendant, Equable Ascent Financial, LLC ("Equable"), is a Delaware limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. From its offices in Buffalo Grove, Illinois, Equable operates a nationwide delinquent debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant Equable was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

6.      Defendant Equable is a debt scavenger that specializes in buying large portfolios of defaulted consumer debts for pennies on the dollar, the full amount of which debts it then tries to collect through other debt collectors, like Defendant P&C.

7.      Defendants P&C and Equable were both authorized to conduct business in Illinois, and maintain registered agents here, <u>see</u>, records from the Illinois Secretary

Case: 1:11-cv-03832 Document #: 1 Filed: 06/06/11 Page 3 of 6 PageID #:3

of State, attached as Group Exhibit A.  In fact, P&C and Equable each conduct business in Illinois.

8.  Moreover, Defendants P&C and Equable are both licensed as collection agencies in Illinois, see, records from the Illinois Division of Professional Regulation, attached as Group Exhibit B.  In fact, P&C and Equable each act as a debt collection agency in Illinois.

## FACTUAL ALLEGATIONS

9.  On March 15, 2011, Defendants sent Ms. Wolf a collection letter demanding payment of the debt delinquent consumer debt she owed for a WaMu credit card.  Defendants' collection letter stated that P&C's "Client" was "Equable Ascent Financial ~ LLC" and that the "Original Creditor" was "Chase Bank USA ~ (Wamu)".  Defendants' letter failed to explain who Equable was, and what its relationship, if any, was to the original creditor – a servicer of the account, another collection agency, or the current/subsequent owner – nor explain the relationship between Chase Bank USA and Wamu.  In fact, Plaintiff is informed and believes, through counsel, that Equable is current creditor to whom the debt is owed.  A copy of this letter is attached as Exhibit C.

10.  Defendants' collection actions complained of herein occurred within one year of the date of this Complaint.

11.  Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard.  See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

**Violation Of § 1692g(a)(2)**
**Failure To Identify Effectively The Current Creditor**

12.     Section 1692g of the FDCPA requires that, within 5 days of Defendants' first communication to a consumer, they had to provide Ms. Wolf with an effective validation notice, containing, among other disclosures, "(2) the name of the creditor to whom the debt is owed;", see, 15 U.S.C. § 1692g(a)(2).

13.     Defendants' form collection letter fails to identify effectively for consumers the name of the current creditor, because it only identifies Defendant Equable as its client, but fails to indicate how Equable is related to the debt – a servicer, another collection agency or as the current owner.  Accordingly, Defendants' letter failed to identify effectively the current creditor, and thereby violates § 1692g(2) of the FDCPA.

14.     Defendants' violation of § 1692g of the FDCPA renders them liable for statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

**CLASS ALLEGATIONS**

15.     Plaintiff, Tracy Bannen, f/k/a Wolf, brings this action individually and as a class action on behalf of all persons similarly situated in the State of Illinois from whom Defendants attempted to collect a delinquent consumer debt allegedly owed originally to "Chase Bank USA (Wamu)", that is now allegedly owed to Defendant Equable, via the same form collection letter (Exhibit C), that Defendants sent to Plaintiff, from one year before the date of this Complaint to the present.  This action seeks a finding that Defendants' form letter violates the FDCPA, and asks that the Court award damages as authorized by § 1692k(a)(2) of the FDCPA.

16.     Defendants regularly engage in debt collection, using the same form collection letter they sent to Plaintiff Wolf, in their attempts to collect delinquent

consumer debts from other persons.

17. The Class consists of more than 35 persons from whom Defendants attempted to collect delinquent consumer debts by sending other consumers the same form collection letter they sent Plaintiff Wolf.

18. Plaintiff Wolf's claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

19. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendants have acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

20. Plaintiff Wolf will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendants' conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff Wolf has retained counsel experienced in class action litigation, including class actions brought under the FDCPA.

**PRAYER FOR RELIEF**

Plaintiff, Tracy Bannen, f/k/a Wolf, individually and on behalf of all others similarly situated, prays that this Court:

1. Certify this action as a class action;

2. Appoint Plaintiff Wolf as Class Representative of the Class, and her attorneys as Class Counsel;

3. Find that Defendants' form collection letter violate the FDCPA;

4. Enter judgment in favor of Plaintiff Wolf and the Class, and against Defendants, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

5. Grant such further relief as deemed just.

**JURY DEMAND**

Plaintiff, Tracy Bannen, f/k/a Wolf, individually and on behalf of all others similarly situated, demands trial by jury.

                                  Tracy Bannen, f/k/a Wolf, individually
                                  and on behalf of all others similarly
                                  situated,

                                  By:/s/ David J. Philipps
                                  One of Plaintiff's Attorneys

Dated: June 6, 2011

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com